## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

CALVIN JAMES,         )
           )
      Petitioner,    )
           )
v.                )      **Case No. CIV-24-1324-JD**
           )
K. GOLDEY, WARDEN,   )
           )
      Respondent.    )

## REPORT AND RECOMMENDATION

Calvin James, a federal prisoner appearing pro se, seeks habeas corpus relief under 28 U.S.C. § 2241. Doc. 7. [1] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.[2] Respondent filed a Court-ordered response, and Petitioner has replied. Docs. 16, 18. Because this Court can grant no relief to Petitioner and his sovereign citizen claim is baseless, the undersigned recommends that the Court deny the petition.

---

[1]     Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2]     On December 19, 2024, Judge Russell reassigned this matter to United States District Judge Jodi W. Dishman. Doc. 5.

I.     **Petitioner's background and claims.**

Petitioner is serving a 120-month sentence, followed by three years' supervised release, after his conviction in the Southern District of Georgia for being a prohibited person in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Doc. 7, at 1; *see also United States v. James,* No. CR 418-205 (S.D. Ga. Sept. 10, 2018), Doc. 67. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of his sentence. Doc. 7.

Petitioner asserts four grounds for relief: (1) the "[Bureau of Prisons (BOP)] has authoritative power to house prisoners in any inst[itution] that meet[s] prison minimum standards," (2) the "Second Chance Act implies all [adults in custody] who are not able to receive [First Step Act] time credits will be eligible for [Second Chance Act] credit and [a] new release date," (3) that he "completed several religious correspondence courses" making him eligible for Good Conduct Time credits, and (4) that he "never signed [an] agreement stating [that he] accept[ed] to abide by" the laws of the United States of America. *Id.* at 7-8.

He alleges that he "ask[ed] all unit team members and . . . executive staff . . . to serve [the] remainder of [his] sentence in a [Residential Reentry Center (RRC)] [because the] RRC meet[s] minimum housing standards for [adults in

2

custody]." *Id.* at 7. He claims that "[s]taff refuse[d] [his requests] verbally and delay[ed] [his] request[s] through admin[istrative] remed[ies]." *Id.* He contends that his "new Second Chance Act date is March 2026 [and that the] unit team and executive staff imply new [Second Chance Act] date[s] are not actual release from custody dates." *Id.* He asks the Court to "change [his] Second Chance Act date [to] 'March 2026,'" "apply [religious] correspondence courses as EBBR [Good Conduct Time] credit, and transfer [him] to [a] Residential Reentry Center to serve [the] remainder of [his] sentence." *Id.* at 8.

Respondent urges the Court to dismiss the petition because: (1) "the [Second Chance] Act does not mandate 12-months of RRC placement and 6-months of home confinement," (2) "Petitioner . . . received an individualized assessment" when it determined his Second Chance Act placement date, (3) Good Conduct Time credits are not earned through religious correspondence courses, and (4) Petitioner's "sovereign citizen" claim is frivolous. Doc 16, at 7-10. Having reviewed the relevant pleadings, the undersigned agrees with Respondent and recommends that the Court grant the motion, deny petitioner's request for habeas corpus relief and dismiss the petition in its entirety without prejudice.

## II.    Standard of review.

Respondent seeks dismissal of Petitioner's petition under Federal Rule of Civil Procedure 12(b)(6). Doc. 16. To withstand a motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1290 (10th Cir. 2001) (It is proper for a 28 U.S.C. § 2241 petition to "be dismissed for failure to state a claim under Rule 12(b)(6).") A claim is plausible if the facts alleged "raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to establish plaintiff's claim. *Twombly,* 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court liberally construes a pro se litigant's complaint, but just like any other litigant, a pro se party bears the burden to "alleg[e] sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Respondent relies on documents attached to its motion to dismiss, Doc. 16, that were not included in the petition. But the Court does not convert the motion into a motion for summary judgment because the documents attached to the response directly relate to Petitioner's claims and are referenced in his

petition. *See GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

## III. Discussion.

### A. Petitioner lacks any right to placement in a Residential Reentry Center or Halfway House.

Petitioner alleges that he is being held in violation of the Eighth Amendment and the laws of the United States because "B.O.P. refuse[s] to allow [him] to serve [the] remainder of [his] sentence in [a] Residential Reentry Center." Doc. 7, at 7.

Section 3624(c)(1) of U.S.C. Title 18 requires the "Director of the Bureau of Prisons [] to the extent practicable, [to] ensure that a prisoner serving a term of imprisonment spends a portion of the final months of [his] term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for [] reentry . . . into the community." 18 U.S.C. § 3624(c)(1). "Such conditions may include a community correctional

facility," i.e., residential reentry centers or halfway houses. *Garza v. Davis,* 596 F.3d 1198, 1202 (10th Cir. 2010) (citing § 3624(c)(1)).

Petitioner claims that "inst[itutional] staff having [the] ability of when and how much time an [adult in custody] should have at an RRC gives Bureau staff too much discretionary and oppressive power." Doc. 16, at 1. But "[n]othing in § 3264(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period." *Prows v. Fed. Bureau of Prisons,* 981 F.2d 466, 469 (10th Cir. 1992). And "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Id.* at 468 n.3. Therefore, the Court lacks authority to grant Petitioner the relief he seeks.

## B. Respondent properly calculated Petitioner's Second Chance Act placement date.

Petitioner states that the "Second Chance Act implies all [adults in custody] who are not able to receive [First Step Act] time credits [are] eligible for [Second Chance Act] credit and [a] new release date." Doc. 7, at 7. He asks the Court to change his placement date to March 2026. *Id.* Petitioner contends that his "unit team and admin. won't apply [him] for [Second Chance Act Date] as his projected release method." *Id.* He also states that his "unit team and

executive staff imply new Second Chance Act date(s) are not actual release from custody dates." *Id.*

Petitioner's current release date is April 23, 2027. Doc. 16, Att. 1, at 2. BOP regulations require the Bureau to consider "[i]nmates . . . for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), [] on an individual basis, and of sufficient duration to provide the greatest likelihood of successful integration into the community." 28 C.F.R. § 570.22. Section 3621 provides five factors for BOP to evaluate when making its determination: 1) "the resources of the facility contemplated," (2) "the nature and circumstances of the offense," (3) "the history and characteristics of the prisoner," (4) "any statement by the court that imposed the sentence," and (5) "any pertinent policy statement issued by the Sentencing Commission." 18 U.S.C. § 3621(b)(1)-(5). Respondent has shown that Petitioner's unit team performed the required five-factor review when it calculated Petitioner's Second Chance Act Conditional Transition Date. *See* Doc. 16, Att. 4, at 3; *see also* Doc. 7, Att. 1, at 2.

Petitioner contends that he should be considered for Second Chance Act placement in March 2026, but he has provided nothing to the Court supporting this conclusory assertion. He asserts that BOP gave him "a SCA date [of] March 2026" and cites a FSA Time Credit Assessment conducted on October

7

15, 2024, Doc. 7, Att. 1 at 5, as support for his proposition. Doc. 16. But the assessment sheet states that "SCA days are not guaranteed and require an individualized assessment" and that "if a default of 365 days is reflected, [the] date is subject to change based on the required five-factor review under 18 U.S.C. Sec. 3621(B)." *Id.* at 9. And Respondent conducted the individualized assessment it is required to do under 18 U.S.C. § 3621(b) and 28 C.F.R. § 570.22. Petitioner has therefore failed to state a claim for relief and the undersigned recommends dismissal of this claim.

## C. Respondent did not err in its calculation of Petitioner's Good Conduct Time credits.

Petitioner claims that BOP failed to "apply [his religious] correspondence courses as EBBR [Good Conduct Time] credits" and he asks the Court to apply the courses as Good Conduct Time credit. Doc. 7, at 8-9. Respondent asserts that the Court should dismiss this claim because Petitioner is not entitled to the relief he requests. The undersigned agrees.

First Step Act time credits are "applied toward time in prerelease custody or supervised release," i.e., residential reentry centers and are earned through completion of evidence-based recidivism reduction programs (EBRR). 18 U.S.C. § 3632(d)(4)(A), (C). Under the Act, eligible inmates may "earn 10 days of time credits for every 30 days of successful participation in evidence-

based recidivism reduction programming" and an additional "5 days of time credits for every 30 days of successful participation" if "determined by the Bureau of Prisons to be at a minimum or low risk for recidivating." *Id.* § 3632(d)(4)(A)).

On the other hand, Good Conduct Time credits are governed by 18 U.S.C. § 3624, which provides that "a prisoner . . . serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence." Good Conduct Time credits are not earned through EBRR programs like First Step Act credits. Therefore, Petitioner's claim that he is being held in violation of the laws of the United States because BOP did not provide him with Good Conduct Time credits for his participation in EBRR programs fails and should be dismissed without prejudice.

**D. Petitioner's "sovereign citizen" claim lacks merit.**

Petitioner also contends that he "never signed [an] agreement stating" that he would "abide by . . . America['s] [] laws and be subject to any punishment or penalties while pursuing [his] aspect of happiness." Doc. 7, at 8. "[A]n individual's belief that [his] status as a sovereign citizen puts [him[ beyond the jurisdiction of the courts has no conceivable validity in the law." *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (internal quotation

marks omitted). The Court agrees with Respondent, Doc. 16, at 10, and finds that Petitioner's claim lacks merit and should be dismissed without prejudice.

## IV.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends dismissing Petitioner's claim in its entirety for failure to state a claim.

The undersigned advises Petitioner of his right to file an objection to this report and recommendation with the Clerk of this Court on or before May 12, 2025, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 21st day of April, 2025.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE