IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN JAMES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-24-01324-JD |
| | ) |
| K. GOLDEY, Warden, | ) |
| | ) |
| Respondent. | ) |

**<u>ORDER</u>**

Petitioner Calvin James, a federal prisoner appearing pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. [Doc. No. 1, amended by Doc. No. 7].

The Court referred the matter to United States Magistrate Judge Suzanne Mitchell for proceedings under 28 U.S.C. § 636(b)(1). [Doc. Nos. 4, 11]. Judge Mitchell ordered the respondent to respond to the habeas petition. [Doc. No. 12]. The respondent timely responded to the Court's order with a motion to dismiss. [Doc. No. 16]. The petitioner filed a response. [Doc. No. 18].

On April 21, 2025, Judge Mitchell issued a Report and Recommendation recommending that the Court grant the respondent's motion to dismiss and dismiss without prejudice the § 2241 habeas petition filed by the petitioner for failure to state a claim upon which relief can be granted. [Doc. No. 19 at 3–10]. Judge Mitchell advised the petitioner of his right to object to the Report and Recommendation by filing an objection with the Clerk of Court by May 12, 2025, and explained that failure to timely object to the Report and Recommendation waives appellate review of the recommended

ruling. [*Id.* at 10]; *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. The petitioner did not file an objection to the Report and Recommendation or request an extension of time to do so.

Following the issuance of the Report and Recommendation, "any party may serve and file written objections to [the magistrate judge's] proposed findings and recommendations," and the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives its right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections).

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting

*Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include: "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised.'" *Id.* at 1120.

Regarding the first exception, the Tenth Circuit requires magistrate judges "to inform a pro se litigant not only of the time period for filing objections, but also of the consequences of a failure to object, i.e. waiver of the right to appeal from a judgment of the district court based upon the findings and recommendations of the magistrate [judge]." *Moore*, 950 F.2d at 659. Here, Judge Mitchell's Report and Recommendation advised the petitioner of his right to object by May 12, 2025, and warned "that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein." [Doc. No. 19 at 10 (citing *Moore*, 950 F.2d at 659)]. This notification sufficiently informed the petitioner of the time period for objecting and the consequences for failing to object.

Further, the interests of justice do not require review. The Report and Recommendation was mailed to the petitioner on April 21, 2025, and the Court has no evidence of the petitioner's effort to comply or an explanation for his failure to comply. *See Morales-Fernandez*, 418 F.3d at 1120.

Thus, neither exception to the Tenth Circuit's firm waiver rule applies.

Consequently, with no objection being filed, and upon its review, the Court **ACCEPTS** the Report and Recommendation in its entirety, **GRANTS** the respondent's motion [Doc. No. 16], and **DISMISSES WITHOUT PREJUDICE** the petitioner's

petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED this 16th day of May 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE